In the Matter of the Application of JANE DAVID HOLDING CORPORATION and Another, Petitioners, for a Certiorari Order against HARRIS H. MURDOCK and Others, Constituting the Board of Standards and Appeals of the City of New York, Respondents.*

Supreme Court, Kings County, September 6, 1933.

*Cellar & Kraushaar* [*Meyer Kraushaar* of counsel], for the petitioners.

*Arthur J. W. Hilly, Corporation Counsel* [*Willard S. Allen, J. Joseph Lilly* and *Benjamin Millstein* of counsel], for the respondents.

STEINBRINK, J. The petitioners' property for which a permit is sought for the erection and maintenance of a gasoline station is

---

\* Affd., 241 App. Div. 625; 264 N. Y. ——.

situated in a business district within 200 feet of the Yeshiva Rabbi Chaim Berlin. Application for the permit was denied by the superintendent of buildings. The order denying the application was subsequently affirmed by the board of standards and appeals, its determination being predicated upon section 21 of the Amended Building Zone Resolution, the pertinent language of which is as follows: " No gasoline service station may be erected or extended on any portion of a street between two intersecting streets in which portion there exists an exit from or an entrance to a public school; and in no case within a distance of 200 feet from the nearest exit from or entrance to a public school. This protection shall also apply to duly organized schools for children under 16 years of age, giving regular instruction at least five days a week for eight months or more each year, owned and operated by any established religious body or educational corporation." Is the Yeshiva a duly organized school within the meaning of the last quoted sentence? This is the sole issue presented. It appears that at the Yeshiva upward of 500 children between the ages of six and sixteen years receive instruction from three-thirty to six-thirty P. M. for five days in the week and for ten months in the year. A communication from the superintendent of schools reveals the following: (1) The school has been in existence for approximately twenty-five years. (2) The teachers in the English department of the school are regularly licensed teachers in the public schools of the city of New York. (3) The school is inspected periodically by representatives of the State Department of Education. (4) The graduates of the school are received into the public high schools without any further examination and they seem to do satisfactory work. (5) The school receives regular communications from the bureau of attendance of the department of education of the city of New York and is under its jurisdiction. (6) The course of study and the time schedules conform to the requirements of the department of education in this city and the school submits copies of the course of study and time schedules for the inspection and information of the superintendent of public schools. In short, the Yeshiva possesses every attribute of a duly organized school. Section 21 of the Amended Building Zone Resolution was designed to afford protection to school children against fire, traffic and other like hazards arising out of the conduct of a gasoline station. To hold that under these circumstances the Yeshiva is not to be accorded the benefit of the section would frustrate the very object which led to its adoption. Section 625, subdivision B, of the Education Law, which relates to the hours of attendance elsewhere than at a public school, is not applicable. This statute does not purport to define the meaning

of a school but merely governs the attendance of minors. It is concerned not with the character of the school but with the conduct of its minor students. The constitutionality of section 21 of the Amended Building Zone Resolution as here applied is unquestioned. Certiorari is dismissed.